# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**MARILOU KAWWA VAZQUEZ,**

       **Plaintiff,**

**v.**　　　　　　　　　　　　　　　　　　　　　　　Case No:　6:16-cv-1300-Orl-40DCI

**RUBY LEWIS and FAMILY DOLLAR
STORES OF FLORIDA, LLC,**

       **Defendants.**

## REPORT AND RECOMMENDATION

This cause comes before the Court *sua sponte*. On July 14, 2016, Plaintiff filed this action in Florida state court against Family Dollar Stores of Florida, LLC (Family Dollar) and Jane Doe. Doc. 2. Family Dollar then removed this action based upon diversity jurisdiction. Doc. 1.

On May 2, 2017, Plaintiff filed an Unopposed Motion for Leave to Amend Complaint (the Motion), to which Plaintiff attached the proposed Third Amended Complaint. Doc. 22. Plaintiff sought to amend the complaint to add Ruby Lewis (Lewis) as a Defendant in place of Jane Doe. *Id*. However, Plaintiff failed to specify in the proposed Third Amended Complaint whether Lewis is a citizen of the state of Florida.[1] Doc. 22-1.

On May 18, 2017, the Court held a hearing on this matter to address whether or not Lewis is a citizen of Florida. Doc. 27. The parties confirmed that Lewis is a citizen of Florida. The Court then advised the parties that the addition of Lewis as a Defendant would destroy diversity and would result in a recommendation that this case be remanded to state court. After further

---

[1] The proposed Third Amended Complaint provided that Plaintiff was, at all pertinent times, a resident of Orange County, Florida. Doc. 22-1 at 2.

discussion on the record concerning the appropriateness of remand given the Motion, the parties advised the Court that the Motion remained unopposed.

After the hearing, Plaintiff filed the proposed Third Amended Complaint as a separate docket entry. Doc. 25. Because the Motion was unopposed, and for the reasons stated on the record, the Court entered an endorsed order granting the Motion and accepting Plaintiff's Third Amended Complaint at docket entry 25. Doc. 26.

Pursuant to 28 U.S.C. 1447(e), "[i]f after removal plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to State court." Where section 1447(e) is applicable, the district court has only two options, to deny joinder or to permit joinder and remand the case. *Ingram v. CSX Transp., Inc.*, 146 F.3d 858, 862 (1998) ("The district court had no discretion to add the [non-diverse party] as a defendant, retain jurisdiction and decide the case on the merits."). Here, section 1447(e) applies because Plaintiff has amended the complaint to replace Jane Doe with a named defendant. *See Rutsky v. Target Corp.*, 12-61828-CIV, 2012 WL 5604620, at *3 (S.D. Fla. Nov. 15, 2012) (finding that replacing a "John Doe" defendant with a named defendant constitutes a change in the party sued) (citing *Wayne v. Jarvis*, 197 F.3d 1098, 1102-03 (11th Cir. 1999), *overruled on other grounds*, *Manders v. Lee*, 338 F.3d 1304 (11th Cir. 2003)); *Wade v. Dolgencorp, LLC*, 8:09-cv-01470-T-24-EAJ, 2009 WL 8630725, at *1 (M.D. Fla. Oct. 14, 2009) ("Although § 1447(e) speaks of joinder, it has been held to apply when the complaint is amended to replace 'John Doe' defendants with defendants identified by name.") (quoting *McPhail v. Deere & Co.*, 529 F.3d 947, 950 (10th Cir. 2008)).

Accordingly, it is respectfully **RECOMMENDED** that:

1. The Court **REMAND** this case to state court;

2. All pending motions be **DENIED** as moot; and

3. The Clerk be directed to close the case.

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on May 19, 2017.

DANIEL C. IRICK
UNITES STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy